IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-67-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HUMBERTO NAVARETE, | ) | |
| | ) | |
| Defendant. | ) | |

On March 13, 2020, Humberto Navarete ("Navarete" or "defendant") moved pro se for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, as well as the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 26]. On May 1, 2020, Navarete filed an identical motion [D.E. 29]. On October 6, 2020, Navarete again moved for relief under section 3582(c)(2) and Amendment 782 [D.E. 32]. On February 18, 2021, the government responded in opposition [D.E. 35]. As explained below, the court denies Navarete's motions for reduction of sentence.

I.

On August 31, 2015, pursuant to a written plea agreement and with a waiver of indictment, Navarete pleaded guilty to conspiracy to distribute and to possess with the intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine. See [D.E. 1, 11, 12, 13]. On December 1, 2015, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 22]; [D.E. 24] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Navarete's total offense level to be 35, his criminal history category to be I, and his advisory guideline range to be 168 to 210 months' imprisonment. See [D.E.

24] ¶ 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Navarete to 204 months' imprisonment. See [D.E. 23] 2. Navarete did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies,

2

courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Navarete's December 2015 conviction is not a covered offense under section 404(a) of the First Step Act because he was not convicted of an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Accordingly, Navarete is not entitled to relief under the First Step Act.

As for Navarete's motion for relief under 18 U.S.C. § 3582(c)(2) and Amendment 782, Navarete received the benefit of Amendment 782 at sentencing. See PSR [D.E. 15] ¶¶ 47–59. Accordingly, Navarete is not entitled to relief under section 3582(c)(2) and Amendment 782.

As for Navarete's argument that his conviction for conspiracy to distribute and to possess with the intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine violates the Double Jeopardy Clause of the Fifth Amendment, Navarette must raise this argument under 28 U.S.C. § 2255. Navarette cannot do so, however, due to procedural default and the one-year statute of limitations. See 28 U.S.C. § 2255(f). Thus, the court dismisses the claim. Alternatively, even if the court could consider the claim, the court would reject it. Conspiracy is a separate and distinct crime from the substantive offense, not a lesser included offense. See Salinas v. United States, 522 U.S. 52, 65 (1997); United States v. Felix, 503 U.S. 378, 390 (1992); Blockburger v. United States, 284 U.S. 299, 304 (1932). Moreover, Navarete's reliance on United States v. Freyre-Lazaro, 3 F.3d 1496, 1507 (11th Cir. 1993), is misplaced. Navarete's conviction rests on a single count. Cf. id. at 1507. Accordingly, the Double Jeopardy Clause provides no relief.

As for Navarette's safety valve claim, the claim is procedurally defaulted and untimely. Thus, the court dismisses the claim. Alternatively, the court rejects it. The safety valve under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) provides for a two-level reduction for a defendant meeting five specific criteria. See U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). The safety valve does not apply to Navarete because he was an "organizer, leader, manager, or supervisor" in the offense conduct. 18 U.S.C. § 3553(f)(4); PSR ¶ 51. Accordingly, the safety valve provides no relief.

Alternatively, even if the court has discretion to reduce Navarette's sentence, it would not do so. The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). Navarete engaged in prolonged, serious drug dealing and money laundering from approximately 2010 until January 2014. See PSR

4

¶¶ 8–20. As a leader of a Mexican drug trafficking organization, Navarete laundered millions of dollars of drug proceeds in the United States and Mexico. See id. Navarete also distributed at least 109 kilograms of cocaine and 36.288 kilograms of marijuana and directed the activities of other conspirators. See id. In light of Navarete's prolonged, serious criminal conduct, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to punish and incapacitate Navarete, the court declines to reduce Navarete's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Navarete's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Navarete's motions for reduction of sentence [D.E. 26, 29, 32].

SO ORDERED. This 31 day of March 2021.

JAMES C. DEVER III
United States District Judge